IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| LUIS SANCHEZ, | NO. 4:19-CR-00029-TWT-WEJ |
| Defendant. | |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Luis Sanchez's Motion to Suppress Out-of-Court Identification [27]. The Court conducted an evidentiary hearing on this Motion on October 18, 2019 [30], which has been transcribed [34]. The Government and Sanchez have briefed the matter. (Def.'s Post-Hearing Br. [38]; Gov't Resp. [41].) On the basis of the testimony and evidence produced at the hearing, the undersigned **REPORTS** that the out-of-court identification did not violate defendant's due process rights. Therefore, the undersigned **RECOMMENDS** that the defendant's Motion to Suppress Out-of-Court Identification [27] be **DENIED**.

I.   **STATEMENT OF FACTS**

On June 29, 2018, Federal law enforcement agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Bureau of Industry and Security ("BIS") executed a search warrant at the residence of Victor Ceballos-Polanco in Cartersville, Georgia.  (Hr'g Tr. 7:15-8:10.)  A representative from U.S. Customs and Border Protection ("CBP") was also present during the execution of the search warrant.  (Id. at 10:20-24.)

During the execution of the search warrant, Special Agent William Moulds of the BIS interviewed Mr. Ceballos.  (H'rg Tr. 10:20-24.)  CBP Officer Carlos Carrasquillo was brought over to interpret because Agent Moulds determined that Mr. Ceballos could not communicate fully with him in English.[1]  (Id. at 11:10-17.)  Those present at the interview also included ATF Investigator Griffith and ATF Special Agent Southall.  (Id. at 10:25-12:2.)  The interview was audio-recorded but not video recorded.  (See generally id. at 15.)

---

[1] Officer Carrasquillo interpreted from English to Spanish.  Officer Carrasquillo is not considered a certified interpreter by the CBP but has undergone some Spanish language testing with the CBP.  (H'rg Tr. 23:1-24:5.)  Furthermore, Officer Carrasquillo testified that Mr. Ceballos did not use any words with which he was unfamiliar.  (H'rg Tr. 39:4-9.)

2

The audio recording shows that, before Mr. Ceballos was shown a single photograph of the defendant, Mr. Ceballos stated: "El Vecino" ("neighbor" in English) was a "friend" but that the two "were not close;" El Vecino lives in New Jersey; El Vecino came to Georgia to pick up the firearm that Mr. Ceballos had purchased for him and sent someone else to pick up other firearms for him; that Mr. Ceballos met El Vecino at a car wash that defendant owned, and Mr. Ceballos identified a photograph of the car wash; and that El Vacino's real name was Luis Sanchez. (Exh. 5.) After Mr. Ceballos made these statements, Agent Moulds showed Mr. Ceballos a single photograph of defendant and a photograph of the automobile detail shop that defendant owns in Belleville, New Jersey. (H'rg Tr. 16:1-25.) Mr. Ceballos then tapped on the table and said "esse, sí, sí," which Officer Carrasquillo testified translates to "that's him," identifying defendant as El Vecino. (Exh. 5; H'rg Tr. 32:16-33:9.)

## II. DISCUSSION

The Eleventh Circuit has adopted a two-step analysis to determine the admissibility of out-of-court identifications. Cikora v. Dugger, 840 F.2d 893, 895 (11th Cir. 1998); Dobbs v. Kemp, 790 F.2d 1499, 1506 (11th Cir. 1986). First, the Court examines whether the original identification procedure is unduly suggestive. Cikora, 840 F.2d at 895. If the identification procedure is unduly suggestive, the

Court "must then consider whether, under the totality of the circumstances, the identification was nonetheless reliable," id., or whether it "created a substantial risk of misidentification at trial." Dobbs, 790 F.2d at 895. "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson v. Brathwaite, 432 U.S. 98, 114 (1977).

The Government concedes that the identification procedure was unduly suggestive. (See Gov't Resp. 6 (stating the analysis turns on the second step).) The Court agrees that presenting a single photograph of a defendant is suggestive. See Manson, 432 U.S. at 109 (finding identification procedure suggestive "because only one photograph was used"); Dobbs, 790 F.2d at 1506 (procedure impermissibly suggestive where witness shown multiple photographs, all of defendant). Accordingly, the Court focuses on whether the identification was nonetheless reliable.

The Court considers five factors in considering whether the totality of the circumstances undermines the reliability of the identification. These factors include: (1) the opportunity of the witness to view the suspect; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the suspect; (4) the level of certainty demonstrated by the witness at the identification,

and (5) the length of time between the crime and the identification. <u>Neil v. Biggers</u>, 409 U.S. 188, 199-200 (1972); <u>Cikora</u>, 840 F.2d at 895.

Here, four of the five factors weigh against substantial risk of misidentification. First, Mr. Ceballos had at least one opportunity to view defendant. Mr. Ceballos stated in his interview that he had met with defendant face-to-face on at least one occasion in Georgia and that the two were "not friends" but knew each other well. (Exh. 5.) Even if this were the only occasion Mr. Ceballos had seen defendant face-to-face, it constitutes ample opportunity to view him. See <u>United States v. Porter</u>, 221 F. App'x 836, 841 (11th Cir. 2007) (co-conspirators have opportunity to observe and reason to remember defendant); <u>United States v. Gay</u>, No. 1:09-CR-335-CAP-RGV, 2010 WL 11507396, at *8 (N.D. Ga. Jan. 19, 2010), <u>R&R adopted by</u> 2010 WL 11520591 (N.D. Ga. Mr. 8, 2010) (witness had opportunity to view despite only having seen defendant on one ocassion during robbery).

With regard to the second factor, Mr. Ceballos displayed a great deal of attention. Mr. Ceballos, before identifying defendant in the single photo array, recalled that defendant lived in New Jersey, owned a car wash in the state, and identified a car wash as belonging to defendant that the investigation later verified did belong to him. (Exh. 5; H'rg Tr. 33:16-34:6.) Thus, in addition to having

opportunity to view defendant, Mr. Ceballos's statements evidenced a great deal of attention to other identifying features of defendant.

The third factor—the accuracy of the witness's prior descriptions of defendant—is, at best, neutral. During the interview, Mr. Ceballos never offered a physical description of defendant before being shown the single photo array. However, Mr. Ceballos did offer other non-physical identifying information about defendant such as his state of residence and which carwash he owned. (H'rg Tr. 33:16-34:6.) Thus, this factor is either neutral or cuts against the reliability of Mr. Ceballos's identification of defendant.

### III.   CONCLUSION

For the forgoing reasons, the undersigned **RECOMMENDS** that defendant's Motion to Suppress Out-of-Court Identification [27] be **DENIED**.

**SO RECOMMENDED**, this 27th day of February, 2020.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE